METROPOLITAN PAVING BRICK CO. *v.* FEDERAL SURETY CO.

(Decided March 11, 1935.)

*Messrs. Black, McCuskey, Ruff & Souers* and *Messrs.*

*Arnold, Wright, Purpus & Harlor,* for plaintiff in error.

*Messrs. Barnum, Hammond, Stephens & Hoyt* and *Messrs. Williams, Williams, Klapp & Reynolds,* for defendant in error.

*Messrs. Baker, Hostetler, Sidlo & Patterson, Messrs. Bennett, Westfall & Bennett, Messrs. Knepper, White, Smith & Dempsey, Messrs. Squire, Sanders & Dempsey* and *Messrs. Griswold, Green, Palmer & Knapp,* amici curiae.

BY THE COURT. In the lower court the plaintiff in error was plaintiff and the defendant in error was defendant. We shall refer to the parties as they appeared in the lower court.

In brief, the plaintiff in its petition in the first cause of action sought to recover from the defendant surety company upon a bond for a public improvement contract which was entered into by the Board of County Commissioners of Mahoning county for the paving and improvement of certain roads in Coitsville township, Mahoning county, Ohio. This contract was entered into by the said commissioners with Grady and Turner, and the bond in the regular statutory form pursuant to Section 2365-4, General Code, was executed by the defendant as surety.

An issue was joined by the pleadings as to this cause of action and the case was submitted to the lower court with the result that the court found that the bond sued upon by the plaintiff in said first cause of action was not executed by the defendant, Federal Surety Company, and as to this cause of action the judgment of the lower court was in favor of the Federal Surety Company, the defendant in error herein.

It is conceded by the parties that the bond sued upon was a forgery and error is not prosecuted from the

judgment of the lower court in so far as the first cause of action of the petition is concerned.

An issue was also joined by the pleadings as to the second cause of action contained in the plaintiff's petition and the case was submitted to the lower court upon such issues and the evidence with the result that the lower court found in favor of the defendant, the Federal Surety Company, upon the issues joined by the second cause of action and discharged the surety company.

The plaintiff, in said second cause of action, sought to recover from the surety company upon the bond which was executed by the defendant surety company as surety for Grady and Turner. This was the usual statutory bond for public improvements executed in conformity with Section 2365-1 *et seq.*, General Code, and was given for public improvements to be made in the city of Campbell, Ohio.

The lower court found in favor of plaintiff and against Grady and Turner, the contractors, for material furnished under such contract in the sum of $5,225.34, but as above stated found in favor of the surety company upon both causes of action.

As to the issue raised on the second cause of action the lower court in brief held that the contract in question was void for the reason that the fiscal officer of the city of Campbell failed to file a certificate to the effect that funds sufficient to meet the payments specified in the contract were in the city treasury as provided by Section 5625-33, General Code.

Counsel have presented a very interesting question and the respective contentions of counsel are supported by unusually exhaustive briefs not only by the counsel originally employed in the case, but there have also been furnished us briefs both in support and in opposition to the judgment of the lower court by various attorneys appearing as friends of the court.

The sections of the Code which have any bearing upon the question are set forth in these various briefs together with citations from the courts of this state, from the courts of many sister states and from the United States courts.

We have considered these briefs with care, but to attempt to recite the pertinent sections of the Code and especially to attempt to discuss the many authorities so cited would require such an extended opinion as to render the same impractical.

We will therefore merely announce the conclusion at which we have arrived after a careful consideration of the briefs of counsel and the pertinent sections of our Code.

It must be kept in mind that this is not a suit either by or against the city of Campbell upon the contract entered into by the city of Campbell and Grady and Turner. If an attempt was being made to enforce the contract by the city of Campbell upon the one hand or by Grady and Turner on the other, an entirely different situation would arise.

Our consideration of the pertinent sections of the Code and of the authorities leads us to the conclusion that under this bond the rights of the material men are direct and independent; that the rights of the material men under the bond do not depend upon the right of the city of Campbell or of Grady and Turner to enforce the contract.

Our consideration of Sections 2365-1 to 2365-4, General Code, leads us to the conclusion that these sections of the Code contain a separate provision in favor of all lawful claims of material men. If this were an attempt upon the part of the city of Campbell or of Grady and Turner to collect upon the bond, then their rights would depend upon the validity of the contract in question. We are of opinion that the statutory bond creates an independent right in favor of the

material men and that such right is not controlled by the validity of the contract as between the city of Campbell and Grady and Turner. We think the material man's right to recover, under the express terms of this bond and the express terms of the statute, is controlled solely by his having a just claim for material furnished; that the bond has a double or dual nature and is not rendered invalid merely by reason of the failure of the fiscal officer of the city of Campbell to file the certificate required by Section 5625-33, General Code.

The material in question was furnished; the improvement was made. Bonds for the payment of such improvement were sold by the city of Campbell and in our opinion the Federal Surety Company is liable upon its bond for such material so furnished for the said improvement.

The judgment of the lower court will therefore be reversed.

The Federal Surety Company, the defendant in error, and E. W. Clark, its receiver or liquidating officer, have made application for leave to file an answer in which they ask that the action be abated and held for naught for the reasons set forth in detail in such answer.

Such answer has been tendered and in the event the same is allowed to be filed a reply thereto by plaintiff in error has also been tendered.

Counsel in their briefs have also submitted a very interesting question upon this motion for leave to file an answer by the Federal Surety Company and its receiver or liquidating officer.

We have considered the briefs upon this subject and upon such consideration have reached the conclusion that the cause of action of the plaintiff, upon the facts disclosed by the record and the tendered answer, has not abated as against the Federal Surety Company.

While we are of opinion that the cause of action

under the facts disclosed by the record and the tendered answer has not abated, nevertheless if counsel feel that their question is better preserved by having the answer filed, the motion for leave may be sustained and the holding of the court will be against the Federal Surety Company upon such answer and the reply thereto.

*Judgment accordingly.*

KUNKLE, P. J., BARNES and HORNBECK, JJ., concur.